OPINION
{¶ 1} Appellant, Antonio Harris, a minor, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, committing appellant to the custody of the Department of Youth Services ("DYS") for a period of time not less than one year to a maximum period not to exceed appellant's 21st birthday after he was adjudicated a delinquent minor. For the following reasons, we affirm that judgment.
 {¶ 2} By a complaint filed May 30, 2002, appellant was alleged to be a delinquent minor and charged with one count of participating in a criminal gang in violation of R.C. 2923.42, a felony of the second degree if committed by an adult, and three counts of trafficking of drugs in violation of R.C. 2925.03, felonies of the fourth degree if committed by an adult. Appellant subsequently admitted to one count of participating in a criminal gang and two counts of trafficking of drugs. Accordingly, appellant was adjudicated a delinquent minor by a magistrate and sentenced to a commitment with DYS for a minimum of one year on the criminal gang count and for a minimum of six months on each of the trafficking counts. Both of the trafficking sentences were ordered to be served concurrently with the one-year criminal gang sentence, for a total minimum sentence of one year to a maximum period not to exceed appellant's 21st birthday. Appellant did not object to the magistrate's decision. By judgment entry filed October 1, 2002, the decision was adopted by the lower court.
 {¶ 3} Appellant appeals, assigning the following as error:
 {¶ 4} "The trial court abused its discretion in permanently committing appellant to the custody of Ohio Department of Youth Services."
 {¶ 5} Appellant contends in his assignment of error that the lower court abused its discretion by committing him to the custody of DYS instead of releasing him on community control. Normally, we would apply an abuse of discretion standard in reviewing the lower court's imposition of a commitment to DYS. In re Freeborn (Dec. 15, 1999), Morgan App. No. 98CA08; In re Anderson, Butler App. Nos. CA2002-04-078 and CA2002-04-79, 2003-Ohio-708, at ¶ 15. However, appellant failed to file written objections to the magistrate's decision. Juv.R. 40(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." This court has consistently held that "an appellant's failure to file objections in compliance with the rules prevents the appellant from appealing the issues decided in the magistrate's decision." In re Vinson, Franklin App. No. 01AP-752, 2002-Ohio-1010. As a result, our review is limited to any errors of law or other defects on the face of the order. Id.
 {¶ 6} Under Ohio's statutory scheme, a child who is adjudicated a delinquent may be committed to the custody of DY S.R.C. 2151.355(A). Appellant was adjudicated a delinquent for committing acts that would have been felonies of the second and fourth degree if committed by an adult. Pursuant to R.C. 2151.355(A)(5), a court may commit a minor to the custody of DYS for committing an act that would have been a felony of the second degree if committed by an adult for an indefinite term of a minimum period of one year to a maximum period not to exceed his 21st birthday. Additionally, the court may commit a delinquent minor to the custody of DYS for committing an act that would have been a felony of the fourth degree if committed by an adult for a minimum period of six months to a maximum period not to exceed his 21st birthday. Id. at R.C. 2141.355(A)(4). The lower court imposed the minimum sentences for each charge to which appellant admitted and ordered these sentences to be served concurrently. We find no error of law or other defect on the face of the court's sentence.
 {¶ 7} Having found no error or defect on the face of the court's sentence, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
BOWMAN and TYACK, JJ., concur.